IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| EDWARD V. GEORGIU, | : | BANKRUPTCY NO.: 5-04-bk-50580 |
| DEBTOR | : | |
| OFFICE OF THE U.S. TRUSTEE | : | {**Nature of Proceeding**: Motion to Dismiss Case under § 707(b)(Doc. #14)} |
| MOVANT | : | |
| vs. | : | |
| EDWARD V. GEORGIU, | : | |
| RESPONDENT | : | |

# OPINION

The United States Trustee has filed a Motion to Dismiss under § 707(b) based on a discrete set of facts presented by way of admissions in the pleadings and at argument. Debtor's only source of income is the monthly receipt of $9,000 from a disability policy of indeterminate duration. That income stream is exempt under statute. The Debtor's monthly expenses are reported to be $1,400. The Debtor's unsecured claims are such as to exceed the dollar limitations set out in 11 U.S.C. § 109(e) for the filing of a Chapter 13.

The United States Trustee maintains that the $7,600 excess monthly income of the Debtor is available to address his creditors. The United States Trustee maintains that these facts alone, together with an assertion that the Debtor's obligations are consumer in nature, should be sufficient for this Court to conclude that granting of bankruptcy relief would be a substantial abuse of chapter seven.

The Debtor argues that his income is totally exempt as a disability payment and

should not be counted available for the benefit of creditors. He also advances that his obligations exceed the statutory limit of Chapter 13 and he should not be subject to a § 707(b) motion.

A vast majority of courts have concluded that exempt income is generally included as disposable income, either in chapter 13 hearings on that specific issue , or in § 707(b) hearings. *In re Kornfield* 164 F.3d 778, 784 (2nd Cir. 1999) (A totality of circumstances inquiry is equitable in nature and the existence of an asset, even if exempt from creditors, is relevant to a debtor's ability to pay his or her debts. For example, a pension plan with substantial assets is at least relevant to a debtor's need to put aside portions of future income to provide for old age.); *Stuart v. Koch* (*In re Koch* ), 109 F.3d 1285, 1289 (8th Cir. 1997); *Hagel v. Drummond (In re Hagel),* 184 B.R. 793, 796-98 (9th Cir. BAP 1995); *In re Schnabel,* 153 B.R. 809 (Bankr. N.D.Ill. 1993).

I agree with these courts that have concluded that an exempt source of income is, nonetheless, included as income in determining whether receiving the benefits of Chapter 7 would constitute an abuse by this Debtor. The logic of this conclusion is inescapable if we consider that an income stream of this amount would generally be sufficient to address the debts of the typical debtor without resorting to bankruptcy at all. The fact that the source of funds are exempt should play no role in determining whether the debtor is "in need".

In *In re Wiedner*, No. 5-03-bk-55937, slip op. (Bankr. M.D.Pa., Oct. 14, 2005), I had the opportunity to review those factors in play should I conclude that the Debtor possessed significant income over and above reasonable and necessary expenses. I took that opportunity to embrace those circumstances found in *In re Lamanna*, 153 F.3d 1 (1st

Cir. 1998), as being apropos. They were as follows:

> whether the debtor enjoys a stable source of future income, whether he is eligible for adjustments of his debts through Chapter 13 of the Bankruptcy Code, whether there are state remedies with the potential to ease his financial predicament, the degree of relief obtainable through private negotiations, and whether his expenses can be reduced significantly without depriving him of adequate food, clothing, shelter and other necessities.

*In re Lamanna,* 153 F.3d 1, 4 (1st Cir. 1998).

The stability of Debtor's income has certainly been put in issue. While the Court is aware that the source of that income is some form of disability protection, the Debtor simply did not offer any testimony or other evidence as to the nature of his disability, the duration of those payments, or the conditions of its continuance. I simply have no record to conclude that this income is brief and fleeting or stable and regular. The Debtor is peculiarly aware of these details and since he has made no such tender regarding its duration, I shall conclude that those details would not aid him. I, therefore , presume that this stream of disability payments are indefinite in duration.

In *Weidner*, I commented that it should make little difference in this analysis if the debtor was eligible for Chapter 13 or for some other type of reorganization chapter. See, for example, *In re Krohn*, 886 F.2d 123, 127 (8th Cir. 1989) explaining that a large amount of unsecured debt should not disqualify the use of § 707(b) as a matter of policy. The key issue is whether the Debtor has an income stream that exceeded his reasonable and necessary expenses. It has been stipulated that the Debtor's obligations exceed those limitations provided in 11 U.S.C. § 109(e). I don't believe that is of import since, should he desire, the re-organizational benefits of Chapter 11 would be available to him.

There was no evidence introduced of the availability of any state remedies. Neither has evidence been offered that the Debtor has attempted any private

reconciliation of his financial predicament. Moreover, a reduction of the Debtor's expenses was not a topic raised on this record.

      Briefly, the lack of testimony from the Debtor simply leaves me with the fact that the Debtor's income exceeds his expenses by $7,600 per month. I am presented no explanation why that excess should not be available to address his creditors, other than the fact that it is exempt from administration. While bankruptcy would divest the Debtor of his rather large amount of obligations, he clearly has no constitutional right to that remedy. *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973). Quite simply, the brevity of this record boils down to the question of whether affording Chapter 7 relief would be a substantial abuse of that chapter for an individual whose potential income exceeds his expenses by over $90,000 annually. I conclude it does. Of course, should the Debtor's circumstances change, my conclusions would, also, likely change.

      An Order will follow.

Date:   October 14, 2005

*John J. Thomas, Bankruptcy Judge*
(CMS)

*This electronic opinion is signed and filed on the same date.*